## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES of AMERICA

v.

MOHAMMAD ALAZZAM

Criminal Nos.
3:08cr48 (SRU)
3:08cr127 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

On February 14, 2008, a criminal complaint issued in the Eastern District of Virginia charging Mohammad Alazzam and others with conspiracy to distribute cocaine and ecstasy in violation of 21 U.S.C. §§ 841(a)(1), 846, 960(b)(1)(B) and 960(b)(3), and aiding and abetting the distribution of ecstasy, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1]  Less than two weeks later, on February 26, 2008, a grand jury in the District of Connecticut returned an indictment charging Alazzam with conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[2]

On May 7, 2008, Alazzam entered into a plea agreement with the government wherein he agreed to plead guilty to count one of the Virginia case, which charged him with conspiracy to distribute cocaine and ecstasy.  Five days later, Judge James Cacheris of the Eastern District of Virginia transferred the Virginia case to the District of Connecticut pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  Rule 20 states in relevant part:

**Rule 20. Transfer for Plea and Sentence**

---

[1] That same day, an amended criminal complaint issued, setting forth the same charges against Alazzam.  Those charges against Alazzam are referred to herein as "the Virginia charges" or "the Virginia case."

[2] The charges originally brought against Alazzam in the District of Connecticut are referred to herein as "the Connecticut charges" or "the Connecticut case."

(a) Consent to Transfer.

A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

(1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and

(2) the United States attorneys in both districts approve the transfer in writing. . . .

(c) Effect of a Not Guilty Plea.

If the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket. The defendant's statement that the defendant wished to plead guilty or nolo contendere is not, in any civil or criminal proceeding, admissible against the defendant.

Under Rule 20, then, the transfer of the Virginia case to the District of Connecticut could only occur if Alazzam indicated his intent to plead guilty in the Virginia case and agreed to the transfer, and if the United States Attorneys in both districts approved that transfer as well. Alazzam's plea agreement in the Virginia case demonstrated his intent to plead guilty, and all necessary individuals agreed to that transfer; accordingly, the Virginia case was transferred to this district for the sole purpose of pleading guilty or otherwise waiving his trial rights.

On September 23, 2008, Alazzam entered into a plea agreement with the government with regard to the Connecticut charges, and agreed to plead guilty to count one, charging him with conspiracy to engage in money laundering.  The next day, Alazzam pled guilty before Judge Peter C. Dorsey consistent with the two plea agreements into which he had entered.  Judge Dorsey canvassed Alazzam to ensure that his pleas were knowing and voluntary, and accepted those pleas, apparently satisfied that Alazzam pled guilty because he was guilty and for no other

reason.

Nearly four months later, on January 9, 2009, Alazzam moved to withdraw his guilty

pleas pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, stating that

> the defendant has asserted that he is innocent of the charges for which he has been
> indicted.  This is based upon information which has come to his knowledge after he
> entered his plea of guilty. . . . Although several months have elapsed since the
> Defendant's plea of guilty before the Honorable Peter C. Dorsey on September 24, 2008
> in the interim the Defendant was sent to Alexandria Virginia, where, in discussions with
> the U.S. Attorney's Office with regard to his possibly cooperating, he realized that he was
> innocent of the charges alleged.

Mem. in Support of Mot. Withdraw at pp. 1-2.[3]  On February 13, 2009 I held a hearing with

regard to Alazzam's motion to withdraw, and on May 20 and 21, 2009, I granted those motions.

The government has moved for reconsideration and, if I permit Alazzam to withdraw his guilty

pleas, the government has moved to transfer the Virginia case back to the Eastern District of

Virginia pursuant to Rule 20.  In turn, Alazzam has moved to consolidate the Virginia case and

the Connecticut case in the District of Connecticut.  For the reasons that follow, the

government's motion to reconsider is granted, but on reconsideration I adhere to my earlier

ruling; Alazzam's motion to consolidate is denied.

**I.     Discussion**

      A.     <u>Legal Standard</u>

            *1.     Motion to Reconsider*

The government moves for reconsideration under Rule 7(c) of the Local Rules of Civil

Procedure for the District of Connecticut (which applies here under Rule 1(c) of the Local Rules

---

[3] Alazzam has filed motions to withdraw his guilty pleas in the Connecticut case and in
the Virginia case, and has submitted identical memoranda in support of those motions.  I refer to
those memoranda, collectively, as "Mem. in Support of Mot. Withdraw" throughout this opinion.

of Criminal Procedure).  "The major grounds justifying reconsideration are 'an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice.' "  *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d

1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice &

Procedure § 4478.  The government argues that my rulings permitting Alazzam to withdraw his

guilty pleas were clearly erroneous as a matter of law, and that reconsideration is necessary to

prevent manifest injustice.

Although the government argues that granting Alazzam's motions to withdraw constitutes

legal error, there is "large discretion confided to district judges in passing on motions to

withdraw pleas of guilty."  *United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir. 1977).

Accordingly, on appeal, my grant of Alazzam's motions to withdraw will be reviewed for abuse

of discretion rather than legal error.  "A court abuses its discretion when '(1) its decision rests on

an error of law (such as application of the wrong legal principle) or a clearly erroneous factual

finding, or (2) its decision-though not necessarily the product of a legal error or a clearly

erroneous factual finding-cannot be located within the range of permissible decisions.'"  *In re*

*Trace International Holdings, Inc.*, 2009 WL 1810112 at *2 (S.D.N.Y. June 25, 2009) (quoting

*Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).  Abuse of discretion could

result from reliance a legal error committed in the course of exercising my discretion, but the

exercise of discretion in and of itself cannot constitute legal error.

B.    Alazzam's Motions to Withdraw

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure allows a defendant to

withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the

defendant can show a fair and just reason for requesting the withdrawal." Alazzam bears the burden of showing such a reason; if he does, he should be permitted to withdraw his guilty pleas unless the government then shows that it would be prejudiced as a result. *See, e.g., United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) ("Where a motion to withdraw a plea of guilty is made before sentencing, the court may grant the motion . . . if there are valid grounds for withdrawal and granting the motion would be fair and just, giving due regard to any prejudice the government might suffer as a result.").

In evaluating Alazzam's motions, I consider the time lapse between the plea and the motion, any prejudice to the government, and the "strong [public] interest in the finality of guilty pleas." *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989). I reach that question of prejudice to the government, however, "only if the defendant has set forth sufficient grounds to withdraw the plea." *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001). Accordingly, I first evaluate Alazzam's grounds for withdrawal; if he has introduced sufficient grounds, I then weigh the government and public interests in denying Alazzam's motions as well as the time period between his guilty pleas and his motions to withdraw.

Where, as here, a defendant seeks to withdraw his guilty plea based on assertions of innocence, those assertions must be supported by evidence, *id.*, and cannot be "bald statements that simply contradict what he said at his plea allocution." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). "The self-inculpatory statements [Alazzam] made under oath at his plea allocution carry a strong presumption of verity, and the court, in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant." *Maher*, 108 F.3d at 1530. In addition, to the extent that Alazzam seeks to withdraw

his guilty pleas as a result of information newly disclosed by the government (as he seemingly indicates), he must demonstrate a realistic probability that, but for the withheld information, he would have gone to trial.  *United States v. Persico*, 164 F.3d 796, 804-05 (2d Cir. 1999).

Here, Alazzam has met his burden under Rule 11(d)(2)(B) of setting forth a fair and just reason why he should be permitted to withdraw his guilty pleas.  In particular, Alazzam's briefing and the record in this case demonstrate three fair and just reasons for withdrawal: (1) Alazzam's assertion that new information has come to light since the time of his guilty pleas informs his claim of innocence; (2) Alazzam's assertion that a new understanding of the money laundering statutes under which he is charged in the Connecticut case likewise informs his claim of innocence; and (3) Alazzam's assertion that he pled guilty due to certain pressures, and not because he is guilty, informs his claim of innocence.  In addition, because Alazzam pled guilty before Judge Dorsey, I was unable to assess his credibility during his plea colloquy and cannot reject the possibility that his plea colloquy was the product of confusion rather than voluntariness.

First, Alazzam argues that "he is innocent of the charges for which he has been indicted. This is based upon information which has come to his knowledge after he entered his plea of guilty."  Mem. in Support of Mot. Withdraw at 1.  That assertion, on its own, provides a fair and just reason to permit withdrawal of Alazzam's guilty pleas.  He has not baldly professed his innocence; rather, Alazzam contends that information that has only recently come to his knowledge has led him to profess his innocence.  For newly-disclosed or newly-obtained evidence to support a motion to withdraw a guilty plea, the movant must demonstrate a realistic probability that, but for the withheld information, he would have gone to trial.  *Persico*, 164 F.3d

at 804-05.  In *Persico*, as in many cases discussing motions to withdraw guilty pleas, the Second

Circuit reviewed the district court's denial of a motion to withdraw.  Here, however, where I

have not denied Alazzam's motion, and am instead considering the merits of his assertions in the

first instance, his assertion that he would not have pled guilty but for the withheld information

supports my finding of fair and just cause.  In other words, because Alazzam is basing his motion

to withdraw his guilty plea (and, accordingly, go to trial) on newly-discovered information, I am

persuaded that he would have gone to trial but for the withheld information.  Requiring Alazzam

to disclose the basis for his claim of innocence threatens to prejudice him as both sides in this

case prepare for trial.  I am satisfied that Alazzam would not have pled guilty if, prior to entering

his guilty plea, he possessed the information that he has since obtained that prompted his motions

to withdraw.

Second, at the February 13 hearing in this case, Alazzam represented through counsel – in

response to my question whether a legal defense has suddenly arisen that informs his claim of

legal innocence – that he no longer believes that the money laundering statute applies to his

Connecticut case.  To the extent that Alazzam's claim of innocence is based on his current

understanding of money laundering statutes and the charges against him, and his understanding

prior to his motions to withdraw was incomplete or inaccurate, Alazzam has demonstrated a fair

and just reason supporting his motions to withdraw.  In other words, his representations with

regard to the applicability of the statutes under which he is charged do not constitute bald

contradictions of his plea colloquy before Judge Dorsey, but rather a new understanding of his

legal innocence.

Third, at the February 13 hearing, Alazzam's attorney represented that Alazzam decided

to plead guilty "under pressure."  In addition, the transcript of Alazzam's plea hearing before Judge Dorsey indicates that English is not Alazzam's first language, and that he at times might have been confused.  *See* 9/24/08 Tr. at p. 14, ln 19 - p. 15, ln. 7 (Alazzam indicating that he had not read the plea agreements into which he entered, but then indicating that he had read those documents after conferring with counsel); p. 18, ln. 8-19 (Alazzam stating that he has not understood the charges against him and his rights, and then contradicting himself and stating that "Sometimes, I'm sorry, I don't hear because of my ear, you know.").

Because I was not present when Alazzam pled guilty before Judge Dorsey, I am unable to assess Alazzam's veracity at the time of his pleas.  Likewise, I am unable now to fully assess Alazzam's credibility when he claims that he pled guilty because he was "under pressure" to do so.  Second Circuit case law indicates that a judge's discretion in evaluating motions to withdraw a guilty plea is to a large extent premised "the much better 'feel of the case' possessed by the judge who observed the defendant at the taking of the plea than can be imparted by any appellate transcript."  *Saft*, 558 F.2d at 1082 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 216 (1947)).  Because I did not observe Alazzam's pleas, I am unable to fully ascertain the extent to which those please were a result of pressure rather than Alazzam's guilt and desire to plead guilty.  Alazzam's contention of undue pressure is a fair and just reason that supports his motion to withdraw.

    C.    Prejudice to the Government

Because Alazzam has satisfied his burden of setting forth a fair and just reason to permit withdrawal of his guilty pleas, I now consider whether potential prejudice to the government weighs against granting his motions to withdraw.  *Hirsch*, 239 F.3d at 225.  The government

argues that, if I permit Alazzam to withdraw his pleas, it will be prejudiced because: (1) the government has invested significant resources in transferring the Virginia case to Connecticut for purposes of his guilty pleas, (2) the government will now have to prepare for two trials, including securing witnesses, (3) Alazzam will need to be transported between Connecticut and Virginia in order to participate in each trial, (4) the government now must translate several lengthy recordings from Arabic to English, and (5) the government may be compelled to disclose the identity of a cooperating witness whose identity heretofore has not been disclosed.  In other words, the government argues that it will be prejudiced because it will have to try Alazzam on the charges in these cases.

The government's prejudice arguments demonstrate the several ways that the government will be in a worse position if I permit Alazzam to withdraw his pleas than they would be if I do not grant Alazzam's motions to withdraw.  Such "prejudice" would result in every case in which a guilty plea is withdrawn.  The government fails, however, to demonstrate that it will be in a worse position than it would have been had Alazzam proceeded to trial without pleading guilty in the interim.  In other words, although the government must now prepare for two trials, translate several recordings, and perhaps disclose the identity of the cooperating witness, all that would have been the case had Alazzam not pled guilty.  The government has not set forward any argument that, if I grant Alazzam's motions, it will be disadvantaged at trial in ways it would not have been absent Alazzam's pleas.  In sum, there is no argument or indication that the government has disclosed information or strategy as a result of Alazzam's pleas that would provide him an unfair advantage at trial if I permit him to withdraw his guilty pleas.  Nor is there an argument, for example, that the passage of time has prejudiced the government because

witnesses have become unavailable.  Accordingly, I do not find any risk of actual prejudice to the government that, despite Alazzam's fair and just reasons for withdrawing his guilty plea, would nonetheless compel me to deny his motions to withdraw.

      D.    <u>Alazzam's Motion to Consolidate</u>

After I initially granted Alazzam's motions to withdraw, he moved for consolidation of the Virginia case and the Connecticut case.  The plain and clear language of Rule 20, as discussed above, states that "If the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket."  Accordingly, Alazzam's motion to consolidate is DENIED, and the government's motion to transfer the Virginia case back to the Eastern District of Virginia is DENIED as moot.

## III.    Conclusion

For the reasons discussed above, the government's motions to reconsider Alazzam's motions to withdraw his guilty pleas (**case no. 3:08cr48, doc. #57**; **case no. 3:08cr127, doc. #18**) are GRANTED, but on reconsideration, I adhere to my initial decision.  Alazzam's motion to consolidate (**case no. 3:08cr48, doc. #56**) is DENIED.  The clerk shall forthwith transfer the Virginia case back to the Eastern District of Virginia.

It is so ordered.

Dated at Bridgeport, Connecticut, this 6th day of July 2009.

                    /s/ Stefan R. Underhill
                      Stefan R. Underhill
                      United States District Judge